UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jason Donis<br>2063 N. Chestnut<br>Arlington Heights, IL 60004<br><br>  Plaintiff,<br><br>v.<br><br>Allied Interstate, Inc.<br>c/o CT Corporation System<br>208 S. LaSalle St., Suite 814<br>Chicago, IL 60604<br><br>  Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around October 21, 2009, Defendant telephoned Plaintiff's sister's ("Nicole") residence and spoke with Plaintiff's mother ("Kathy"), who happened to be at Nicole's residence at that time.

8. During this communication, Defendant disclosed to Kathy that Plaintiff owed the debt.

9. During this communication, Defendant asked Kathy to pay the debt.

10. During this communication, Kathy notified Defendant that Plaintiff could not be reached at Nicole's residence and requested that Defendant never again call there about the debt.

11. On or around October 21, 2009, after learning of the above referenced communication, Plaintiff telephoned Defendant.

12. During this communication, Plaintiff instructed Defendant to never again call Nicole's residence about the debt.

13. Despite these requests, Defendant telephoned Nicole's residence repeatedly over the next few hours with the intent to harass Plaintiff and Plaintiff's family members.

14. On or around October 21, 2009, Plaintiff sent Defendant a facsimile communication instructing Defendant to cease communications with Plaintiff and Plaintiff's family members.

15. Throughout the remainder of October and early November 2009, Defendant telephoned Plaintiff, Nicole's residence, and Kathy's residence on numerous occasions in connection with the collection of the debt.

16. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

17. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party in connection with the collection of a debt without Plaintiff's consent.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692c in that it communicated with Plaintiff notwithstanding its receipt of written cease and desist instructions.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

26. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

27. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

                        RESPECTFULLY SUBMITTED,

                        Legal Helpers, P.C.

                        By: <u>s/Timothy J. Sostrin</u>
                             Timothy J. Sostrin
                             Bar ID # 6290807
                             233 S. Wacker
                             Sears Tower, Suite 5150
                             Chicago, IL 60606
                             Telephone: 866-339-1156
                             Email: tjs@legalhelpers.com
                             Attorneys for Plaintiff